PER CURIAM:
We have had the benefit of oral argument in this case, and have carefully studied the briefs and relevant parts of the record. We conclude that the judgment of the district court should be affirmed. We discuss in turn the challenges raised by appellant on appeal.
Appellant argues that the district court abused its discretion in failing to grant his motion for a mistrial because the prosecutor elicited answers from the appellant’s brother, David Kruse, which might have left the jury with the impression that the defense team knew about appellant’s plan to kill Amy but did nothing about it. The relevant facts are as follows. On direct examination of David, the prosecutor elicited the fact that David had told Pinkham, an investigator for the defense team, that his brother, the appellant, was intending to go as far as to kill Amy. The defense made no objection to this brief testimony. Then on cross-examination, appellant’s attorney explored that fact extensively, repeatedly *829 eliciting from David the fact that he did say that to Pinkham, and precisely when he did so.
The government argues that its questions to David had a proper purpose to demonstrate David’s credibility and lack of complicity in the criminal plan. Moreover, the government argues that the extensive cross-examination by appellant’s attorney — repeatedly eliciting the same facts — constitutes invited error. Or at the least, the government argues that the failure of appellant’s attorney to object contemporaneously to the government’s questions to David, plus the appellant’s attorney’s own actions repeatedly eliciting the same facts, means that this court should review the district court’s subsequent denial of the motion for mistrial only for plain error. We agree that appellant must surmount the hurdle of plain error review, and we cannot conclude that the appellant has demonstrated plain error. Appellant’s suggestion that the jury would infer that Pinkham and the defense team would sit on knowledge of an on-going attempt to kill a witness and do nothing to stop it is pure speculation. Moreover, it is clear that the jury did know that Amy had been warned of the threat on her life. It is at least as likely, if not more likely, that the jury would infer that Pinkham and the defense team would have complied with their ethical duty to report any knowledge they had of an ongoing conspiracy to kill Amy. Further undermining the likelihood that the jury would have thought that the defense team sat on such knowledge is the fact that Amy testified before the jury that Pinkham was a “wonderful gentleman.” Finally, even assuming arguendo that the district court should have sua sponte intervened to prevent David’s answer to the prosecution’s initial questioning about this, or sua sponte given a curative instruction, the evidence of appellant’s guilt was overwhelming, and any error is harmless.
We turn next to appellant’s challenge to the district court’s ruling admitting over appellant’s objection the testimony of several victims of appellant’s fraudulent investment scheme. Appellant argues that the impact of the victim’s losses — e.g., that their life savings were wiped out, that one victim could not pay the medical bills, etc. — was irrelevant to the elements of the criminal fraud. The government responds that such evidence was relevant to the element of the materiality of the appellant’s misrepresentations. We agree such evidence can be relevant to the materiality of appellant’s misrepresentations concerning the safety of the investment for retirement funds, and also relevant to these victim’s reliance on appellant’s misrepresentations. We are troubled by the extensive amount of such evidence that the prosecutor elicited. However, even assuming arguendo that the prejudice with respect to some of that evidence, might have outweighed its probative value, we believe that any error was harmless in light of the overwhelming evidence here, and the fact that such evidence was not emphasized by the prosecutor in closing argument.
Finally, appellant argues on appeal that the district court was clearly erroneous in applying the sophisticated means enhancement. However, appellant fails to explain away, inter alia, the sophistication that the government asserts with respect to appellant’s decision to channel investor funds through Equity Trust, a legitimate company in Ohio that is one of the largest custodians of self-directed IRA’s. In any event, the district court was clear in its expressed intention that it would impose the same sentence even if the appellate court found error with respect to one or more of the *830 enhancements, even if it meant going above a corrected guideline range.
For the foregoing reasons, the judgment of the district court is
AFFIRMED.